## THE VILLAGE OF LEMONT

*v.*

## ANSON B. JENKS, Admr.

*Opinion filed June 19, 1902.*

1. TAXES—*section 4 of Water-works act of 1873 construed.* Section 4 of the Water-works act of 1873, authorizing cities "to tax, assess and collect from the inhabitants thereof such tax, rent or rates for the use and benefit of water used or supplied to them," has reference only to water takers, and the word "tax," as so used, means only "rent" or "rates," and not a tax, strictly speaking.

2. SAME—*when water ordinance is unconstitutional.* A water ordinance providing that as compensation for fire protection there shall be paid for each lot or parcel of ground having a building thereon, which shall abut or adjoin any street, avenue or alley through which any public water supply pipe is laid, the sum of $2.50 per annum in addition to the foregoing rates for the use of water, is unconstitutional and void.

APPEAL from the County Court of Cook county; the Hon. PHILIP S. POST, Judge, presiding.

This is an action of debt by the village of Lemont, appellant, against Anson B. Jenks, administrator of the estate of Nathaniel J. Brown, deceased, for the recovery of water tax levied and assessed by said village against said Nathaniel J. Brown, in accordance with the provisions of section 8 of chapter 42 of the ordinances of said village of Lemont, which chapter of said ordinances, after fixing the rates to be paid for the use of water, provides as follows:

"Sec. 8. As compensation for the benefits derived from increased protection against fire, there shall be paid for each lot or parcel of ground having a building thereon, which shall abut or adjoin any street, avenue or alley through which any public water supply pipe is laid and which can be conveniently supplied with water from such pipes, the sum of $2.50 per annum in addition to the fore-going rates for the use of water, which tax shall be due

and payable on the first day of May in each year, and if paid during said month shall be subject to the same discount as provided in section 6 of this chapter. If such tax is not paid prior to June 1 it may be collected in an action of debt in the name of the village, against the owner or occupant of such lot or parcel of ground, in any court of competent jurisdiction, or such tax may be collected in the same manner as other taxes."

The declaration sets out the ordinance in question, and avers defendant was indebted to plaintiff on account of water tax levied and assessed under said ordinance.

Suit was originally instituted against Nathaniel J. Brown, who died subsequent thereto, and Anson B. Jenks was duly appointed administrator of his estate and was thereafter substituted as defendant, and entered his appearance herein, and thereupon said cause proceeded against said Anson B. Jenks, as such administrator. A general demurrer to said declaration was sustained by the court below and judgment entered for defendant.

FRANK W. WELCH, (F. P. SNYDER, of counsel,) for appellant.

W. D. LAUNDER, (A. B. JENKS, of counsel,) for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

There are three methods of taxation recognized by our constitution, namely, special taxation, special assessment and general taxation. All these modes are authorized by the constitution, and the legislature is empowered to delegate authority to municipal corporations to exercise either of them. The suit in question is an action of debt for a tax as a personal obligation, alleged to arise by virtue of an ordinance of the village of Lemont, which is set out in the statement. Appellant expressly says, "The tax in question in this case is a general tax, and not a special tax or special assessment, and in no sense is it a tax levied for local improvement."

While the ordinance set out and relied upon by appellant would, from an examination of it, impress one as being upon the lines of special taxation, yet it lacks the element of a sufficient description of any local improvement that would warrant the conclusion that it was intended to be either a special tax or special assessment, and, indeed, if it were either the demurrer should have been sustained, as this court has held that such taxes are not a personal charge and cannot be recovered in a personal action. (*Craw* v. *Village of Tolono*, 96 Ill. 255.) The appellant's contention is that this is a general tax, and that it is authorized, if not expressly by the letter of -the law, as a necessary incident to the authority found in paragraphs 442-445 of chapter 24. (1 Starr & Cur. Stat. 1896, p. 863.) Paragraph 442, *supra*, confers power upon cities and villages to provide for a supply of water for the purpose of fire protection and for the use of the inhabitants thereof, by the erection, construction and maintenance of a system of water-works. Paragraph 445 authorizes the common council of cities and the trustees of villages to make the needful regulations for the erection, construction and management of such water-works and for the use of the water supplied by the same, and confers upon such cities and villages the right and power to tax, assess and collect from the inhabitants thereof such tax, rent or rates for the use and benefit of water used or supplied to them by such water-works as the common council or board of trustees shall deem just and expedient; and further, that the water taxes, rates and rents shall be a lien upon the premises for which the water is used or supplied, and that such taxes, rents or rates shall be paid and collected and such lien enforced in such manner as the common council shall by ordinance direct and provide.

While counsel admit that this tax, as sought to be recovered, is subject to the charge of want of uniformity,

as commonly understood, they insist, nevertheless, that authority for such tax is found in the exercise of the police power, the argument being, that the provision for protection against fire is one of the exercises of the police power, and that this method of taxation will be inferred as incident to and necessary to the proper carrying out of the public requirement. In this argument counsel overlook the fact that by paragraph 443 of the same chapter of the statute referred to above, it is expressly provided that "such cities, incorporated towns and villages may borrow money and levy and collect a general tax in the same manner as other municipal taxes may be levied and collected for the erection, construction and maintaining of such water-works, and appropriate money for the same;" and paragraph 446 authorizes "the expense of locating, erecting and constructing reservoirs and hydrants for the purpose of fire protection, and the expense of constructing and laying water-main pipes," by special assessment. Here, then, ample provision is made for the raising of revenues for erecting, constructing, maintaining and operating a system of water-works by general taxation, and to construct those portions giving a special local benefit by special assessment. When express power is given by law to do an act in one mode which is full and ample, we would hardly feel warranted in appealing to the police power to justify the doing of it in some manner other than the manner so provided. In fact, the police power does not seem to us to be in any manner applicable to the question before us. That power is chiefly regulative, and finds its basis in the maxim, *sic utere tuo ut alienum non lœdas;* and though, as a part of its regulative policy, it may impose a small fee, usually supposed to cover the expense of the law's supervision of the business or matter to which it applies, it can not be resorted to as a taxing power, and whenever, from the context of the act or the sum demanded, the court can see that the purpose of the regulation and fee imposed

is primarily revenue, it will refer it to the taxing power and measure the act by its standards and requirements.

The ordinance in question is not regulative, but is clearly for the purpose of raising revenue in addition to the earnings of the water system. In the manner proposed there is an apparent district created, composed of the lots abutting on the streets, avenues or alleys through which a water supply is laid, and which, from the language of the ordinance itself, we are led to infer is less in area than the corporate limits of the village. Here real estate only is to be taxed,—and that, too, without any regard to its extent or value or the value of its improvements, the only requirement being that there shall be a building on the tract, in which case the tract of ground, large or small, of great or little value, whether the building be worth $100,000 or $10, is arbitrarily taxed $2.50 per annum, which sum is by the ordinance declared to be *in addition to the rates for the use of water*, and in addition to being made a personal charge is made a charge upon the land. We cannot conceive of any more flagrant disregard of the constitutional requirement of uniformity than this case illustrates. The regulation that is spoken of in paragraph 445 of chapter 24 of the statute, *supra*, and the tax which is there spoken of by the other names of "rent" or "rates," all refer to the mere operation of the plant and the collection of its revenues, and not to any mode of taxation, strictly speaking. The revenues and rates that are spoken of are the earnings of the plant from the use of the water by those persons who take the same, and the last part of the paragraph, giving a lien upon the premises, where used, for the tax or rents or rates, is but the means of securing the payment to the city of the earnings of the plant, and is no part or in no way within the contemplation of *taxes* as such. The water rate, rents and taxes referred to in that paragraph relate to moneys due the city from those using the water by virtue of the contractual relation that exists between

them, whereas a tax does not depend upon the contract, but is the tribute of support commanded by sovereignty of the subject and for which his property is held,—"the regular, uniform and equal contribution which the people are required to make for the support of the government, and for carrying out and making effective those things which are useful and which conduce to the public welfare and well being." The authority given by paragraph 445, *supra*, is "to tax, assess and collect from the inhabitants thereof such tax, rent or rates *for the use and benefit of water used or supplied to them.*" Clearly it has reference only to those who are customers of and users of the water from such water-works. This ordinance declares that the $2.50 thus demanded is *not for the use of the water, but in addition thereto.* The revenues and taxes provided by the act authorizing cities and villages to construct, maintain and operate water plants were deemed by the legislative authority as ample for the purposes named, and such municipalities cannot go beyond them without express authority, and the general tax must be uniform and upon all the property within the municipality. *Village of Morgan Park* v. *Wiswall*, 155 Ill. 262; *Primm* v. *City of Belleville*, 59 id. 142.

We do not think that paragraph 445 of chapter 24 of the statute, *supra*, relied upon by appellant, furnishes any authority for the ordinance in question, but take the view that said ordinance is in violation of section 9 of article 9 of the constitution of 1870 and in general conflict with our rule of taxation, and is void. *Primm* v. *City of Belleville, supra; Village of Morgan Park* v. *Wiswall, supra; Jones* v. *Water Comrs.* 34 Mich. 273; *Vreeland* v. *Jersey City*, 43 N. J. L. (14 Vroom,) 135; *Jersey City* v. *Vreeland*, id. 638.

The demurrer to the declaration was properly sustained, and the judgment of the county court of Cook county is affirmed. *Judgment affirmed.*