# NEWMAN v. WILLARD'S HOTEL COMPANY.

COMMISSIONERS OF DISTRICT; MUNICIPAL CORPORATIONS.

The Commissioners of the District of Columbia, not being expressly authorized by Congress, have no power to make regulations requiring the payment of a fee for the inspection of the passenger elevators and fire escapes of a hotel.

No. 3069. Submitted December 12, 1917. Decided February 4, 1918.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action to recover elevator inspection fees paid under protest.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the Supreme Court of the District of Columbia in an action at law wherein the Willard Hotel Company, a body corporate, plaintiff below and appellee here, recovered the sum of $15 paid to the District of Columbia under protest by way of fees charged for the quarterly inspection of certain passenger elevators and certain fire escapes in the New Willard Hotel.

These fees were levied under certain amendments of the building regulations adopted by the Commissioners of the District of Columbia on April 1, 1914, as follows:

"Section 19. The fee for each inspection of a passenger elevator shall be $1.25, to be paid upon issuance of certificate by the inspector of buildings.

\* \* \* \* \* \* \* \* \*

"Section 19. 11a. Fee for inspection of hotels, public halls, moving picture shows, theaters, and other places of amusement, which are required by law to procure license annually for their operation from the assessor of the District of Columbia, and

which require as a condition precedent to the issuance of such license a certificate from the inspector of buildings to the effect that such buildings are in compliance with the building regulations and the Fire Escape Law and Regulations, shall be $5 in each case; and for inspection of each building in which it is proposed to hold an entertainment for which special license is required by law, and which requires certificate from the inspector of buildings as above mentioned, the fee shall be $1; the fee in each case to be paid at the time application is made to the assessor for license."

The fees in question were demanded of the hotel company by representatives of the Commissioners, and payment thereof was refused on the ground that the Commissioners were and are without authority to charge the said fees, or to make regulations requiring their payment.

Whereupon the Commissioners refused to license · the Willard Hotel for the license year ending October 31, 1915, unless such inspection charges were paid; the Commissioners further threatening to prosecute the hotel company for conducting an unlicensed hotel.

The hotel company, always admitting its obligation to procure an annual license for the operation of its hotel, thereupon paid such license fee of $400, without protest, and also paid said inspection fees of $15, under protest, promptly bringing its action for the recovery of said inspection fees in the municipal court.

Judgment having been given for the hotel company in the municipal court, and affirmed in the supreme court of the District of Columbia, this appeal of the Commissioners brings the cause here for review.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Frank H. Stephens,* Assistant, for the appellants, in their brief cited:

*Ash* v. *People,* 11 Mich. 347; Barbour's Sup. Ct. Rep. 161; 4 Bl. Com. 162; *Brooklyn* v. *Breslin,* 57 N. Y. 591; Burroughs, Tax, 392; *Bush* v. *Seabury,* 8 Johns. 408; *Carthage* v. *Rhodes,* 9 L.R.A. 352; *Chicago Warehouse Cases,* 63 Ill. 80; *Chicago W. & V. Coal Co.* v. *People,* — Ill. —, 48 L.R.A. 554, 54 N. E.

961; *Cincinnati* v. *Buckingham,* 10 Ohio, 261; Cooley, Const. Law, 231, 396, 403, 572; 7 Cow. 349; Dill. Mun. Corp. 25, 28, 91, 118, 166, 294, 384, and 742; *Fayetteville* v. *Carter,* 6 L. R. A. 509 and note, 52 Ark. 301; *Ferrari* v. *Board of Health,* 24 Fla. 390, 410; *Goldsmith* v. *Huntsville,* 120 Ala. 182, 185, 24 So. 509; *Harrison* v. *Mayor, etc.,* 1 Gill. 264; *Johnson* v. *Philadelphia,* 60 Pa. 451; 1 Kent, Com. 463; 2 Kent. Com. 278, 339; *Leavenworth* v. *Booth,* 12 Kan. 627; *Littlefield* v. *State,* 28 L.R.A. 588; *Marion* v. *Chandler,* 6 Ala. 899; *Mayor* v. *Yuille,* 3 Ala. 137; *Mayor* v. *Goldstein,* 151 Ala. 478, 12 L.R.A.(N.S.) 568, 571; *Morgan* v. *Board of Health,* 118 U. S. 455; *New Orleans* v. *Hop Lee,* 104 La. 601; *New Orleans* v. *Kee,* 107 La. 762; *Re Nightingale,* 11 Pick. 168; *Norfold* v. *Flynn,* 62 L.R.A. 771; *People ex rel. Larabee* v. *Mulholland,* 37 Am. Rep. 568, 82 N. W. 324; *Rudolph* v. *Stuart,* 36 App. D. C. 379; *Saks* v. *Birmingham,* 120 Ala. 190, 24 So. 728; 2 Smith, Mun. Corp. sec. 1347; *Smith* v. *Madison,* 7 Ind. 86; *St. Louis* v. *Grafeman,* 190 Mo. 504, 1 L.R.A.(N.S.) 936–939; *St. Paul* v. *Dow,* 37 Minn. 20; *St. Paul* v. *Traeger,* 25 Minn. 248, 33 Am. Rep. 462; *State* v. *Blaser,* 36 La. Ann. 366; *State Bd. of Health* v. *Standard Oil Co.* 107 La. 713; *State* v. *Long Branch Com'rs,* 42 N. J. L. 364, 36 Am. Rep. 518; Tiedeman, Pol. Power, 101; *Turner* v. *Maryland,* 107 U. S. 38, 58; *Wartman's Case,* 33 Pa. 202; *Welsh* v. *Hotchkiss,* 39 Conn. 140.

*Mr. Charles L. Frailey,* for the appellee, in his brief cited:

*B. & O. R. R.* v. *Fitzgerald,* 35 App. D. C. 122; *Coughlin* v. *District of Columbia,* 25 App. D. C. 255; *Fay* v. *MacFarland,* 32 App. D. C. 299; *Macfarland* v. *Miller,* 18 App. D. C. 564; *Marion* v. *Chandler,* 6 Ala. 899; *Morgan* v. *Board of Health,* 118 U. S. 445; *Norfolk* v. *Flynn,* 62 L.R.A. 771; *State* v. *Robertson,* 20 L.R.A. 692; *State Bd. of Health* v. *Standard Oil Co.* 107 La. 713.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL, delivered the opinion of the Court:

The case was tried and decided upon an agreed statement of facts, the portions of which that are material to the view we take of the matter being as follows:

That continuously since the opening of the hotel in October, 1901, the annual license tax of $400 had been duly paid; that its elevators and fire escapes had been inspected quarterly by representatives of the Commissioners, and no fees therefor demanded until after the aforementioned amendment of the building regulations of April 1, 1914; that thereafter the Commissioners charged said fees for said inspections, and payment thereof was refused by the hotel company as being unlawfully required; that the annual license fee of $400 was tendered as being lawfully due, and acceptance thereof was refused by the Commissioners unless the inspection fees were also paid, which were thereupon paid under protest as aforesaid; and that said inspection fees are no larger than reasonably necessary to cover the cost of making the inspections.

The record thus presents a question as to the extent of the authority of the Commissioners of the District of Columbia to make municipal regulations, which question in various aspects has been repeatedly considered by this court in a line of cases conclusive of the present controversy.

It has thus been decided that the Commissioners are creatures of statute, possessing no inherent powers, and not constituting a municipal corporation, but being merely the executive agents of a peculiar form of municipal government created by Congress, and in which Congress has reserved to itself the power of general legislation and of municipal regulation.

This power of municipal regulation in respect of fees for municipal services has not only been reserved by Congress, but has frequently been exercised, either by expressly authorizing the Commissioners to fix fees for certain services, or by specifically fixing such fees in the act of Congress itself.

So, in respect of charges by the Scaler of Weights and Measures, 28 Stat. at L. 811, chap. 179, fees for services of the Surveyor of the District of Columbia, D. C. Code, sec. 1593, [31 Stat. at L. 1426, chap. 854]; fees for examination of electric wiring, machinery, and appliances, 33 Stat. at L. 306, chap. 1602; charges for use of the public hay scales, 34 Stat.

at L. 72, chap. 959; and fees for inspection of gas meters, 22 Stat. at L. 463, chap. 95.

Whatever general authority the Commissioners may have to make municipal regulations is to be found in the act of Congress, approved January 26, 1887, 24 Stat. at L. 368, chap. 49, and the Joint Resolution of February 26, 1892, 27 Stat. at L. 394, both of which enactments have heretofore been considered by this court and held to give the Commissioners no authority to levy charges or impose duties upon residents of the District of the sort here in question.

The Commissioners may reasonably regulate conduct for the maintenance of public order, health, comfort, and safety; but they may not impose duties or lay financial charges without specific authority of Congress.

It is obvious that the regulation here questioned in effect undertakes to impose a financial charge for a municipal service not expressly authorized to be charged for, and therefore that it is beyond the power of the Commissioners to make under the previous decisions of this court. *Macfarland* v. *Miller,* 18 App. D. C. 554; *Coughlin* v. *District of Columbia,* 25 App. D. C. 251; *Fay* v. *Macfarland,* 32 App. D. C. 295; *Baltimore & O. R. Co.* v. *Fitzgerald,* 35 App. D. C. 116.

But the clear propriety of both the service rendered and the charge made for it under this regulation, as matter of fact, may indicate the desirability of such a legislative change in the law as would enable the Commissioners to make these and similar regulations without the necessity of continually bringing such matters of detail to the attention of Congress.

The judgment appealed from must be affirmed, with costs, and it is so ordered.                          *Affirmed.*