### BUCYRUS (city) v SEARS

Ohio Appeals, 3rd Dist, Crawford Co
No 1238. Decided March 19, 1930

Charles F. Schaber, Bucyrus, for City.
R. V. Sears, Bucyrus and C. J. Scroggs, Bucyrus, for Sears.

**HUGHES, J.**

From our examination of the cases digested, we find a line of authorities without conflict, upholding the right of municipalities to make water charges and light charges for service furnished by city plants, a lien against the property supplied.

In the case of City of East Grand Fork v. Luck, a Minnesota case reported in 107 N. W. at 392, and cited in the brief for the city, a review of many of the cases is had, and the various objections to such procedure by a municipality are ably answered, both by the argument of the learned judge who rendered the opinion, and by the cases cited by him.

It is said therein, that the property owner has no absolute right to call upon a city for water without regard to suitable terms controlling its use, and the city has the undoubted right to prescribe what those terms shall be, subject only to the rule that they must be reasonable and not prohibitory.

In the case at bar, the city had provided by its rules and regulations, that any property furnished with water would be chargeable therewith and that a lien would be held against it for the charges. A property owner who pipes his property and connects with the city water works, assents and agrees to these terms.

Judge McKenna, in rendering the opinion in the case of Dunbar v. City of New

York, 251 U. S. 516, makes the same comment; that is, in substance he says that that the consent of the owner was implied from the fact that the law and the rules and regulations imposing the water rents, preceded the service, which the owner permitted his property to receive, and likewise the water charge in controversy was imposed and made a lien on plaintiff's property by these rules, and the consent of plaintiff in implied. No other conclusion can be possible.

The judgment is therefore reversed and the cause remanded, with instructions to overrule the demurrer, and for further proceedings according to law. Exceptions saved.

Before Judges Hughes, Justice & Crow.