FARRELL v. WARD et al.

WARD et al. v. MACKEY.

Nos. 485, 486.

Municipal Court of Appeals for the District of Columbia.

May 14, 1947.

---

[1] Code 1940, 45—1611 (f).

Levi H. David, of Washington, D. C., for Farrell.

Chester H. Gray, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, both of Washington, D. C. (Vernon E. West, Corporation Counsel, of Washington, D. C., on the brief), for Ward and others.

Crandal Mackey, pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant, plaintiff below, sued the Commissioners, the Water Registrar and the Collector of Taxes of the District of Columbia, individually and officially, to recover a sum paid by appellant to the Collector as water rent and penalties. This appeal is from a judgment in favor of defendants.

The payment in question was made under the following circumstances. By deed dated July 25, 1944, and recorded August 1, 1944, appellant purchased a house and lot in the District of Columbia from Crandal Mackey and Mary Mackey, his wife. At the time of purchase the water supply to the premises had been cut off and appellant was aware of that fact. After taking possession appellant on or about August 10 requested the Water Registrar to turn on the water and tendered a $2 fee for that purpose; but the Registrar informed appellant there was an unpaid bill for water used in the premises amounting to $131.72 and that the water would not be turned on until that bill was paid. The water bill covered a period of more than one year but the record does not disclose over what exact period of time the bill had accumulated. Appellant did not pay the bill immediately but on August 22, 1944, after again being told by the Registrar that the water would not be turned on until the bill was paid, appellant paid the bill to the Collector of Taxes and gave to the Registrar a written protest addressed to the Commissioners with the request that it be presented to them. On payment of the bill the water was turned on. It is conceded that appellant never occupied the premises prior to his purchase and used none of the water represented by the bill in question.

The main question presented is whether a purchaser of property may be compelled to pay for water used by former occupants of the purchased property.

For many years the District of Columbia has maintained a water system and supplied water to the inhabitants of the District by virtue of statutory authority. The statute, as it appears in the present Code, reads: § 43—1503. "Full power is given to the commissioners to supply the inhabitants of the District with Potomac water from the aqueduct mains or pipes laid in the streets and avenues by the United States; and to make all laws and regulations for the proper distribution of the same, subject to the provisions of this chapter, and to the control of the Chief of Engineers, as provided in title 40, section 51, of the Code of Laws of the United States. The supply of Potomac water may be extended to points in the District beyond the limits of Washington upon like terms and conditions as are provided by law for the supply of the same in that city."

Congress has fixed the rents or rates to be charged for water (Code Section 43—1520), and has provided that such rates shall constitute a fund exclusively for the maintenance, management and repair of the water system. Code Section 43—1522.

The Commissioners' authority to collect water rates is contained in Code Section 43—1521, which provides: § 43—1521. "The commissioners have authority to provide for the collection of water rates, in advance or otherwise, from the owner or occupants of all buildings or establishments using the water; and to provide for stopping the supply of water to any dwelling or establishment upon a failure to pay the rate, and to carry into full effect the provisions of this chapter."

Pursuant to the authority contained in the above section, the Commissioners by orders have provided: "* * * All charges for specific supplies and for fractional parts of a year are due and payable in advance of the use of the water. In all cases of failure to pay the annual rent within thirty days after same is due and payable and charges for specific supplies or fractional parts of the year in advance of the use of the water, the supply shall be cut off and the flow not again restored until the water rent is paid, as also a penalty of two dollars ($2) and the actual expense, if any, incurred by the Water Department in cutting the street for the purpose of shutting off and restoring the flow of water. * * *" Extract from the Commissioners' order of July 11, 1930.

"* * * Every person, firm, or corporation purchasing or acquiring control

over any real estate or premises where there is a water meter shall give notice in writing to the Water Registrar of the District of Columbia in advance of such purchase or acquisition, or not more than five days subsequent thereto, in every case where an adjustment for rent may be desired. Said notice shall contain the names and addresses of the persons, firms, or corporations who are parties to the change of ownership or control of said property.

"The Water Registrar shall have access to all premises where water meters are installed, provided that if said property be vacant, the notice of said purchase or change of control shall contain a fixed time at which the representative of the Water Department may obtain access to read such meters.

"Every person, firm, or corporation purchasing or acquiring control of any real estate or premises who fails or neglects to comply with the above provisions shall be held liable for the payment of all accrued water rent. The Water Registrar is hereby authorized in his discretion to turn off the water supply in cases of neglect to comply with the provisions of this order." Commissioners' order of November 22, 1938.

If the action of the District officials in the present case was justified, justification must rest in the above-quoted statutes and orders, for the Commissioners have no authority other than that specifically delegated to them by Congress.[1]

█ Code Section 43—1503 gives to the Commissioners authority to make regulations for the proper distribution of water, but we do not think this section gives them any authority with respect to the collection of water rates. Authority to provide for collection of rates is specifically given in Section 43—1521. This latter section gives authority to collect "from the owner or occupants of all buildings or establishments using the water," and it seems plain to us

that it gives no authority to collect from an owner or occupant who did not use the water and who did not expressly or impliedly authorize its use. Whether an owner of property may be compelled to pay for water used by his tenant is not before us and we express no opinion on that question. But we see no authority in that section for imposing on appellant as purchaser of the property a responsibility for paying for water used by some prior occupant or occupants.[2] This is emphasized by the fact that here at least 10% of the bill represented penalties imposed because of non-payment by the former occupant.

Nor do we think that the orders of the Commissioners attempted to impose such a liability. The order of July 11, 1930, in our opinion, goes no further than to provide for cutting off the water supply from a user who is delinquent in payment, and for denying him further supply until he has paid his delinquent charges.

And the order of November 22, 1938, properly construed, in our opinion, means simply that one purchasing property without notifying the Water Registrar may be compelled to pay the full current water rate for the property, because without notice to the Registrar and an opportunity to read the meter it is impossible for the Registrar to allocate the use of water for the current year between the present owner and the prior occupant. So construed this regulation is reasonable and imposes no undue hardship on the purchaser of the property. However, there is no justification for interpreting this regulation to mean that the purchaser of property must not only stand liable for the current year's water rent but also for accrued water bills for prior years, since notice to the Registrar and a reading of the meter have no relation to accumulated water rents for prior years.

The order clearly implies that one who gives notice is relieved from paying charges incurred by a prior occupant. In the in-

[1] Hazard v. Blessing, 55 App.D.C. 114, 2 F.2d 916; Newman v. Willard's Hotel Company, 47 App.D.C. 323.

[2] In Simmons v. Quick, D.C.Mun.App., 37 A.2d 656, a tenant, when threatened with immediate suspension of water by the municipal authorities unless a water bill accrued under a prior tenancy was paid, paid the bill and sued the former tenant. We sustained a recovery on the ground that one who is compelled to pay the debt of another may recover from the debtor. The statutes and orders of the Commissioners were not directly in issue.

stant case failure to give notice within the time prescribed is immaterial. The water had been cut off prior to the purchase and a reading of the meter could have been made when the water was turned on. There would have been no difficulty in ascertaining the exact amount of water used by and chargeable to appellant. The District authorities knew the water was cut off, knew the charges were in arrears and of course would know when the water was turned on. Thus, failure to give notice as prescribed by the order kept no information from the District and in no way jeopardized its rights with respect to either accrued or future charges.

We think our construction of the foregoing statutes and orders is the only reasonable one. Water rents do not constitute a lien on the property supplied unless it is so provided by statute in express terms or by necessary implication.[3] In many states legislation to that effect has been enacted, but Congress has not seen fit to enact such a law for the District. The District officials make no claim that the water rents here involved constituted a lien on the property. In the absence of statute expressly authorizing it, or making arrearages for water rents a lien on the property, a water company or municipal corporation has no right to cut off the water supply to the premises until the arrears due from a former owner or occupant are paid—in other words, no right exists to cut off the water supply to compel payment of a bill which it is not the duty of the consumer to pay.[4]

Accordingly, we hold there was no duty on the appellant to pay the water bill and he was wrongfully compelled to pay it.

Appellant having been wrongfully compelled to pay the water bill of another, the question arises as to his right to recover that amount from the defendants or any of them.[5] The District of Columbia was not named as party defendant. Although there is express statutory authority for suing the District of Columbia in its own name,[6] we find no statute authorizing a money judgment against the District in an action to which it is not a party. The Commissioners and the Water Registrar were acting within the scope of their official duties and if they made a mistake in the exercise of judgment, or acted on an erroneous construction of the law, they cannot be held personally liable in this action.[7] The action is essentially one in assumpsit for money had and received[8] and the money was paid to the Collector of Taxes. There is no statutory authority for suits against the Collector. His liability, if any, is a personal liability under the common law.[9] To sustain such an action, it must be shown that payment to him was made under protest, which in effect would give him notice that suit would be brought to recover the erroneous collection.[10] While the record states that the payment was made under protest, it speci-

3 5 McQuillin, Municipal Corporations, 2d Ed., § 1949; Home Owners' Loan Corporation v. Mayor & City Council, 175 Md. 676, 3 A.2d 747.

4 Home Owners' Loan Corporation v. Mayor & City Council, 175 Md. 676, 3 A. 2d 747; Home Owners' Loan Corporation v. Logan City, 97 Utah 235, 92 P.2d 346; Title Guarantee & Trust Co. v. 457 Schenectady Avenue, 260 N.Y. 119, 183 N.E. 198, 86 A.L.R. 347, certiorari denied New York Water Service Corp. v. Title Guarantee & Trust Co., 289 U.S. 741, 53 S. Ct. 659, 77 L.Ed. 1488; Vanderbilt v. Hackensack Water Co., 113 N.J.Eq. 166, 166 A. 298; Covington v. Ratterman, 128 Ky. 336, 108 S.W. 297, 17 L.R.A.,N.S., 923; Chicago v. Northwestern Mut. Life. Ins. Co., 218 Ill. 40, 75 N.E. 803, 1 L.R.A., N.S., 770.

5 Code Section 43—1519 authorizes the Commissioners to refund erroneously paid

water rents upon application for refund, but no such application appears to have been made in this case.

6 Code 1940, 1—102. See Lindner v. District of Columbia, D.C.Mun.App., 32 A.2d 540.

7 Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, certiorari denied, 305 U.S. 642, 59 S.Ct. 146, 83 L.Ed. 414; Brown v. Rudolph, 58 App. D.C. 116, 25 F.2d 540, certiorari denied, 277 U.S. 605, 48 S.Ct. 601, 72 L.Ed. 1011.

8 Stone v. White, 301 U.S. 532, 57 S. Ct. 851, 81 L.Ed. 265; Maryland & Virginia Milk Products Ass'n, Inc. v. Hazen et al., 66 App.D.C. 136, 85 F.2d 302, certiorari denied 299 U.S. 566, 57 S.Ct. 29, 81 L.Ed. 417.

9 Lowe Bros. Co. v. United States, 304 U.S. 302, 58 S.Ct. 896, 82 L.Ed. 1362.

10 United States v. Kales, 314 U.S. 186, 62 S.Ct. 214, 86 L.Ed. 132.

fically shows that the protest addressed to the Commissioners was handed to the Water Registrar with request that he show the protest to the Commissioners. There is nothing in the record to show that the Collector of Taxes took any part in the controversy or committed any of the acts which compelled payment or that he had any notice that the bill was being paid under protest. Under these circumstances we see no personal liability resting on the Collector. No liability being shown as to any of the defendants, the judgment in their favor must be affirmed.

There is a second appeal in this case by the District officials from a judgment in favor of the third-party defendant, their appeal being taken, as they say, "out of an abundance of caution." Crandal Mackey, grantor of appellant was made third-party defendant by the District officials and judgment was sought against him for any judgment which might be recovered against them or any of them. When the court found in favor of the primary defendants, it also entered judgment in favor of Mackey as third-party defendant. In this we think there was error since the question of his liability would arise only after a finding of liability against the primary defendants. The issues raised in the third-party complaint were never tried and the proper procedure was to dismiss the third-party complaint without prejudice.

The judgment in the original action is affirmed and the judgment in the third-party proceeding is reversed with instructions to enter the third-party complaint dismissed without prejudice.