**QUICK v. DISTRICT OF COLUMBIA et al.**

No. 1227.

Municipal Court of Appeals District of Columbia.

Argued June 30, 1952.

Decided July 17, 1952.

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D. C., was on the brief, for appellant.

Hubert B. Pair, Assistant Corporation Counsel, Washington, D. C., with whom Vernon E. West, Corporation Counsel, and Chester H. Gray, Principal Assistant Corporation Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

From the evidence in this case the trial court, sitting without a jury, could have found the following facts: That the trustees of an estate are owners of four alley dwellings; that one Turner is the rental agent for the trustees and he from time to time entered into agreements with "operators" or "principal tenants" with respect to collection of rents and maintenance of the properties; that such operators never occupied the premises but collected an average monthly rental of $30 per dwelling and paid to Turner an average monthly rental of $10.50; that prior to May 1947 the operator was one Speaks and in May 1947 Arthur J. Quick, the appellant in this case, acquired the interest of Speaks; that prior to such time the water supply to these premises had been cut off because of nonpayment of water bills; that appellant requested that the water be turned on but the District authorities refused to do so until the past due water bills were paid; that appellant refused to pay such past due bills and in September 1947 appellant was convicted and fined for the violation of the Privy Regulations because of lack of water supply to the outside toilets of the dwellings; that other informations charging similar violations were filed against appellant and in October appellant paid under protest the past due water bills in the sum of

$478.69 and the water was turned on and the informations nol-prossed.

Appellant sued the District of Columbia, the District Commissioners, the Water Registrar and the Collector of Taxes to recover the amount paid by him and for damages claimed to have resulted from an alleged conspiracy of the defendants to illegally force him to pay such amount. The trial court found that the demands of the District Government for payment of the back water rent did not constitute duress and the payment by appellant was a voluntary act and entered judgment in favor of all defendants.

As we view the case the basic question is the right of the District authorities to refuse to turn on the water until the past due water bills were paid. In Farrell v. Ward, D.C.Mun.App., 53 A.2d 46, we pointed out that the Commissioners of the District of Columbia are authorized by statute [1] "to provide for the collection of water rates, in advance or otherwise, from the owner or occupants of all buildings or establishments using the water; and to provide for stopping the supply of water to any dwelling or establishment upon a failure to pay the rate, * * *." Pursuant to such authority the Commissioners have ordered that in case of failure to pay for use of water "the supply of water to that premises shall be shut off and the flow not again restored until the water rent is paid." In Farrell v. Ward we held that, since in this jurisdiction water rents do not constitute a lien on the property supplied, the District officials were not authorized to stop the water supply to premises because of arrears due from a former owner of the premises. The Farrell case is readily distinguished from the present. In that case there had been a change of ownership; here ownership has been continuously in the trustees of the estate. The trustees refused to pay the water rents because they claim that it was the obligation of the "operators" to pay such bills. The District is not concerned with the arrangement between the owners and their operators. The fact is that the owners of these premises have not paid or secured to be paid the water rents for many years. As far as they are concerned the District had the right to stop the water supply and refuse to restore it until the arrears were paid. Appellant, whether called principal tenant or operator, acting under and for the owners, had no greater rights than the owners. Although he was under no legal duty to pay the arrears, he had no right to demand that the water be turned on before the arrears were paid.

Our conclusion is that the District officials acted within their authority, that the payment of the arrears by appellant was voluntary, and that the judgment below was correct.

Affirmed.