HERRING, Judge,
concurring:
¶ 20. Although I agree that the majority has reached the correct result in this case, I write separately to call attention to the fact that a different result would have occurred in many other states in our nation because of statutes enacted to impose liens on property to secure payment of water bills due to the utility provider. In those states, a new owner of property is responsible for delinquent water bills incurred by a prior owner because *196 a lien is placed upon the property to secure the debt.
¶ 21. In the absence of a statute to the contrary, or a separate agreement to assume the debt of the prior owner, a new owner of real estate is not responsible for existing unpaid water bills incurred by the prior owner because the unpaid bill does not create a lien on the property. Farrell v. Ward, 53 A.2d 46, 50 (D.C.Ct.App.1947). Any other result, in the absence of a statute or prior agreement, has been held to be a denial of due process of law. Oliver v. Hyle, 14 Or. App. 302, 513 P.2d 806, 808 (1973). However, statutes[1] have been enacted to date in Alabama, California, Delaware, the District of Columbia, Florida, Illinois, Indiana, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Jersey, New York, Ohio, Oregon, Pennsylvania, Rhode Island, Tennessee, Vermont, Washington, and West Virginia which subject real property to liens for the nonpayment of water rents. Some of these statutes are not of recent creation. See for example Loring v. Comm’n of Public Works of City of Boston, 264 Mass. 460, 465, 163 N.E. 82, 84 (1928), where the Massachusetts Supreme Court stated many years ago that:
¶ 22. A lien for water rates is neither a tax nor a special assessment for particular benefits. It is a method of securing the collection of a charge arising from the use on real estate of a public utility essential to the health and safety of the community. It is supported on the general principles which justify the imposition of hens of numerous kinds. It must be regarded as settled that in general the Legislature may provide for the establishment and enforcement of hens upon the real estate to which water is furnished, even on the order of tenants and in the absence of an express direction by the owner. This is on the broad ground that such hens may aid in providing an adequate supply of water at reasonable rates and hence may be an appropriate element in a scheme of legislation for a pubhc water supply.
See also 94 C.J.S., Waters, § 308, pp. 228-233; 19 ALR 3d 1227, 1232, § 3 (Electricity, Gas or Water Charges). Making a new owner responsible for the past due water bills of a previous owner is a pohcy decision for the state legislature to consider, not a legal decision for this court.
BRIDGES, C.J., THOMAS, P.J., and HINKEBEIN and SOUTHWICK, JJ„ join this separate written opinion.
¶ 23. APPENDIX
Alabama: Ala. Const. Amend. Nos. 343, 490, 515-19.
California: Cal. Government Code § 25210.9 (West 1997).
Delaware: DeLCode Ann. tit.25 § 4501 (1996).
The District of Columbia: D.C.Code Ann. § 43-1529 (1997).
Florida: Fla. Stat. Ann. § 153.67 (West 1990).
Illinois: Ih.Ann.Stat. ch. 65, § 11-126-4 (1996).
Indiana: Ind.Code Ann. § 36-9-23-32 (West 1997).
Maine: Me.Rev.Stat. Ann. tit. 35-A, § 6111 (West 1997).
Maryland: Md.Code Ann., Pubhc Works § 53 (1997).
Massachusetts: Mass. Gen. Laws Ann. ch. 40, § 42B (West 1997).
Michigan: Mich. Comp. Laws Ann. § 324.34136 (West 1997).
Missouri: Mo. Ann. Stat. § 247.110 (Vernon 1990).
Nebraska: Neb.Rev.Stat. § 16-682 (1996).
New Jersey: N.J. Stat. Ann. § 40:141-1(9)(1997).
New York: N.Y. Second Class Cities Law § 95 (McKinney 1994).
Ohio: Ohio Rev.Code Ann. § 743.04 (Baldwin 1997).
Oregon: Or.Rev.Stat. § 545,494 (1996).
Pennsylvania: 72 Pa. Cons.Stat. § 5671 (1990).
*197 Rhode Island: R.I. Gen. Laws § 39-15-12 (1996).
Tennessee: Tenn.Code Ann. § 66-27-116 (1997).
Vermont: Vt. Stat. Ann. tit. 24, § 3306 (1996).
Washington: Wash. Rev.Code Ann. § 35.21.290 (West 1997).
West Virginia: W. Va.Code § 8-18-23 (1997).

. An appendix citing the statutes of the various states where liens for the non-payment of water bills have been adopted is attached to this opinion.