ANNIE H. B. HOWE, complainant-appellant,

*v.*

CITY OF ORANGE, defendant-respondent.

[Decided June 17th, 1907.]

*P. L. 1876 p. 371 § 10; Gen. Stat. p. 649*, provides that in case of non-payment of water rents the water shall be shut off from the building, place or premises, and shall not again be supplied to said building, &c., unless such arrears, with interest thereon, shall be fully paid, and act of 1885, section 1 (*P. L. 1885 p. 66; Gen. Stat. p. 655*), declares that any city wherein water works are owned by the city shall have full power, in case of neglect or refusal of any person to promptly pay for the use or rents of water furnished, to shut off the supply, and that the city shall not be compelled again to supply the building until the arrears, with interest and penalty, shall be fully paid.—*Held*, that where a city had a claim for water rents in arrear against complainant's grantor of the property in question at the time she purchased, she was not entitled to compel the city to furnish her with water until such arrearages were paid.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison, who filed the following opinion:

"This is a bill filed by Annie H. B. Howe, charging that she is the owner of a house in the city of Orange; that the city of Orange owns and maintains a system of public water-supply for the benefit of the inhabitants; that on Saturday, May 6th, 1905, the complainant was notified by the clerk of the water department of the city of Orange that water would not be supplied to the premises until a bill of $201.39 for water previously supplied thereto had been paid; that subsequently the water was turned on, but she was again notified that the supply would be discontinued and the water shut off unless the said arrears were paid. She charges that irreparable damage will come to her if the water is shut off from her premises. To this bill a demurrer is interposed by the defendant.

"The sole question, as I view it, is whether the city, under the legislation in existence in this state, has the authority to shut off the water from these premises, and whether a court of equity should restrain it from so doing. Under section 10 of the act of 1876 (*P. L. 1876 p. 371; Gen. Stat. p. 349*) it is provided that

" 'in case prompt payment of any water rent or rents shall not be made when the same become due, the water shall be shut off from such building, place or premises, and shall not be again supplied to said building, place or premises until such arrears with interest thereon shall be fully paid. *   *   *' "

"By section 1 of the act of 1885 (*P. L. 1885 p. 66; Gen. Stat. p. 655*) it is provided that

" 'in any city of this state wherein water works are owned by the city and controlled by the city authorities, the municipal department of the city government having charge of such water works *   *   * shall have full power and authority, in case of the neglect or refusal of any person or corporation to promptly pay for the use or rents of water heretofore or hereafter furnished by such city or any municipal department thereof, in or upon any building, place or premises, to shut off the supply of water from such building, place or premises *   *   * and in case the supply of water shall be shut off from any building, place or premises for non-payment of water rent or water rents, the said city or such municipal department aforesaid, shall not be compelled again to supply said building, place or premises *   *   * until said arrears, with interest and penalties, if required, shall be fully paid and satisfied. *   *   *' "

"Counsel for the complainant does not in·any way attack ·the constitutionality of the legislative provisions relating to this subject. The.act of 1876, above referred to (*Gen. Stat. p. 649 § 10*), makes the water rents a lien upon the premises until the same shall·be paid and satisfied. The bill in this case does ·not· in any way dispute the claim, which it sets out, of the city for. the arrears ·of rent. The gravamen of the bill is that because the water, for which these water rents are in arrears, was furnished to the building while it belonged to a previous owner, the city has not the right to shut off the water from the premises because of the non-payment of the arrears. I am unable to perceive any reason why this should be held to be the law. If the legislation be constitutional, and it is not suggested that it is not so, it undoubtedly vests in the municipal authorities the right to shut off the ·water from premises when the water rents for water furnished to such premises are in arrears. Under the pleadings in this suit there are arrears against these premises for water previously furnished. There would seem to be no reason why the city should not be permitted to pursue the statutory procedure with respect thereto. It cannot be said that irreparable injury will ensue to the complainant if the city is permitted to shut off the water, because, by paying the water· rents· in· arrears, the water will be furnished. If this complainant wants the water, and is compelled to pay the back rents to obtain it, and should not in law have been compelled so to do, the cases hold that she may recover back from the city the amounts of money thus wrongfully extorted from her. *Westlake* v. *St. Louis, 77 Mo. 47; 46 Am. Rep. 4; St. Louis Brewing Association* v. *St. Louis, 140 Mo. 419; 37 S. W. Rep. 525; 41 S. W. Rep. 911; Panton* v. *Duluth Gas and Water Co., 50 Minn. 175; 52 N. W. Rep. 527; 36 Am. St. Rep. 635; Pennsylvania Iron Co.* v. *Lancaster, 17 Lan. L. Rev. 161; affirmed, 15 Pa. Super. Ct. 556.* ·

"The only case cited by counsel for the complainant is *Hudson Savings Institution* v. *Carr-Curran Paper Mills Co., 58 N. J. Eq. (13 Dick.) 59; 43 Atl. Rep. 418 (Vice-Chancellor Pitney, 1899*). In that case the vice-chancellor held that the lien of the city, under the act of 1876, for water rents, was not prior to the

lien of a mortgage previously given. I do not find in that case any decision militating against the right of the city to shut off the water from the premises where arrears for water previously furnished are existing. In other jurisdictions similar legislation to that in this state upon this subject has received consideration, and the courts have held that the city or the water company has the power to shut off the water, and will not be restrained with respect thereto.

"It is held that the premises to which the water is furnished are liable, that indulgence with respect to the time of shutting the water off will not be held to operate against the right to do so, and that the fact that the title has changed hands since the furnishing of the water is immaterial. *Girard Life Ins. Co.* v. *Philadelphia, 88 Pa. 393; Appeal of Brumm (Pa.), 12 Atl. Rep. 855; Atlanta* v. *Burton, 90 Ga. 486; 16 S. E. Rep. 214.*

"I will advise a decree sustaining the demurrer in this cause, with costs."

*Mr. William R. Howe,* for the appellant.

*Mr. William A. Lord,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Garrison in the court below.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.

*For reversal*—None.