ARTHUR T. VANDERBILT and NEW JERSEY NATIONAL BANK AND TRUST COMPANY, trustees, &c., complainants,

*v.*

HACKENSACK WATER COMPANY, defendant.

[Decided June 1st, 1932.]

*Mr. Jerome C. Eisenberg,* for the complainants.

*Mr. Samuel W. Zerman,* for the defendant.

FIELDER, V. C.

Complainants, holders of a first mortgage on apartment house property in the town of West New York, are in peaceful possession of the mortgaged premises by virtue of a provision in the mortgage which authorizes them, upon default in the condition of the bond, to enter into possession and collect the rents, issues and profits thereof. Defendant is a private water company engaged in supplying water to inhabitants of West New York and neighboring municipalities. Complainants, immediately upon entering into possession, gave notice to defendant that thereafter they would be re-

sponsible for payment of charges for water service, whereupon defendant refused to furnish water, unless complainants should forthwith pay arrears of water charges for water theretofore furnished to the owner of the equity of redemption and used in the mortgaged premises. Upon defendant's threat to cut off the water supply in default of such payment, complainants filed their bill to restrain defendant from carrying out its threat and an injunction *pendente lite* was allowed complainants. The case is now on final hearing.

It is stipulated by the parties that there is no statute rule or regulation in this state under which defendant is entitled to a lien on premises for arrears for water supplied. In that situation defendant may not refuse to supply water to a new owner or tenant of the premises unless defendant's charges in arrear for water supplied to a previous owner or tenant are paid, and this court may grant relief against the consequences of such a refusal. *Dayton* v. *Quigley, 29 N. J. Eq. 77; Coe* v. *New Jersey Midland Railway Co., 30 N. J. Eq. 440; McDowell* v. *Avon-by-the-Sea Land and Improvement Co., 71 N. J. Eq. 109; Millville Improvement Co.* v. *Millville Water Co., 92 N. J. Eq. 480.* The question therefore seems to be whether complainants are in possession of the mortgaged premises as new or independent occupants, that is: Are they there in their own right, or as agents or representatives of the owner of the equity of redemption?

The common law rule that a mortgage creates an immediate estate in the mortgagee and vests in him an actual estate, subject only to be defeated by payment of the mortgage-money, is not the rule in this state. Until the mortgagor's right to redeem has been foreclosed by decree, the mortgage, even after default, is merely security for the mortgage debt and the mortgagor is entitled to possession of the mortgaged property until dispossessed by a suit in ejectment, or by peaceable entry by the mortgagee. When the mortgagee takes possession after default, such possession is adverse to and independent of the mortgagor's right to possession, for the mortgagee thus puts an end to those rights of the mortgagor which are incident to or arise out of possession, and

the mortgagee cannot be ousted thereafter by the mortgagor, until the mortgage be paid. While the mortgagee is in possession, the mortgagor has the right to redeem and thus retake possession, but meanwhile the mortgagee has all the rights that actual possession confers, subject, of course, to his liability to credit the profits to the mortgage debt. *Den* v. *Wright, 7 N. J. Law 175; Woodside* v. *Adams, 40 N. J. Law 417; Stewart* v. *Fairchild-Baldwin Co., 91 N. J. Eq. 86.* When these complainants entered into possession, they acquired rights at least as extensive as would be accorded to a lessee to whom the mortgagor might have leased the whole of the mortgaged premises. In fact, a mortgagee in possession might be called a tenant at will of the mortgagor, because the mortgagor can terminate the mortgagee's possession any time, by redemption. Suppose the case of mortgaged premises consisting of a single family house and a mortgagee taking possession of and actually occupying it. I have concluded that complainants did not take possession of the mortgaged premises as agents, or representatives of the mortgagor, but in their own right, and since the effect of the decisions I have first cited is that a water company, having no lien on land for water supplied, is not justified in refusing to furnish water to a new occupant of premises, unless he pays a debt owing by a former occupant to whom the company has supplied water, the defendant here should be permanently restrained from cutting off complainants' water supply during their possession, so long as they pay for water supplied for their use. I see no more reason why complainants should be compelled to discharge defendant's unpaid bill, than that they should be required to pay for coal, janitor's services, or any other commodity furnished to and consumed by the mortgagor while he was in possession. Rules of the defendant that it would not furnish water service unless the applicant therefor made a deposit as security for payment, or paid in advance, would be reasonable rules and thereby defendant could have protected itself against the mortgagor and having failed to adopt or enforce such rules, it should not be permitted to hold complainants liable for its neglect.