TITLE GUARANTEE AND TRUST COMPANY, Appellant, *v.* 457 SCHENECTADY AVENUE, INC., et al., Defendants.

In the Matter of NEW YORK WATER SERVICE CORPORATION, Respondent; EDWARD W. MCMAHON, as Receiver, Appellant.

(Argued October 5, 1932; decided November 22, 1932.)

*C. Elmer Spedick, John C. O'Malley* and *Harry L. Thompson* for Title Guarantee and Trust Company, appellant. The water company's rule of shut off is unreasonable when sought to be enforced under the circumstances herein. (*Coe* v. *New Jersey Midland Ry.*

*Co.*, 31 N. J. Eq. 105; *Decker* v. *Gardner*, 124 N. Y. 334; *Millville Improvement Co.* v. *Millville Water Co.*, 92 N. J. Eq. 480; *Turner* v. *Revere Water Co.*, 171 Mass. 329; *City of Covington* v. *Ratterman*, 128 Ky. 336; *State ex rel. Scotillo* v. *Water Supply Co.*, 19 N. M. 27.) Appellant cannot pay the back water charges of respondent and add the same to its mortgage debt, said water charges not being liens upon the mortgaged premises. (*Albertina Realty Co.* v. *Rosbro Realty Corp.*, 258 N. Y. 472; *Ranney* v. *Peyser*, 83 N. Y. 1.)

*Harold L. Turk* and *Murray Lehman* for Edward W. McMahon, as receiver, appellant. A private water company has no right to shut off a supply of water to compel payment of a bill which it is not the duty of the consumer to pay. (*Turner* v. *Revere Water Co.*, 171 Mass. 329; *McEntee* v. *Kingston Water Co.*, 165 N. Y. 27; *Canavan* v. *City of Mechanicville*, 229 N. Y. 473; *Silkman* v. *Board of Water Commrs.*, 152 N. Y. 327; *Rankin* v. *City of New York*, 145 App. Div. 838; 204 N. Y. 684; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Herring* v. *N. Y. R. R. Co.*, 105 N. Y. 340; *Walling* v. *Miller*, 108 N. Y. 173; *Finch* v. *Flanagan*, 208 App. Div. 254; *Lathers* v. *Hamlin*, 102 Misc. Rep. 563; *City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; 226 N. Y. 572; *Treadwell* v. *Van Schaick*, 30 Barb. 444; *Morey* v. *Metropolitan Gas Light Co.*, 38 N. Y. Super. Ct. 185; *Brass* v. *Rathbone*, 153 N. Y. 435; *Vanderbilt* v. *Hackensack Water Co.*, 110 N. J. Eq. 636; *Cox* v. *M. & M. Gas Light Co.*, 199 Mass. 324; *City of Covington* v. *Ratterman*, 128 Ky. 337; *State ex rel. Scotillo* v. *Water Supply Co.*, 19 N. M. 27; *Ranney* v. *Peyser*, 83 N. Y. 1; *Rider* v. *Bagley*, 84 N. Y. 461.)

*Howard C. Tracy* and *George B. Davenport* for New York Title and Mortgage Company, *amicus curiæ.* While the appointment of the receiver effected no change in the title to the mortgaged premises, it did terminate

for the time being all possession and control of said premises by the fee owner thereof. (*Sullivan* v. *Rosson*, 223 N. Y. 217; *Ranney* v. *Peyser*, 83 N. Y. 1; *Kroehle* v. *Ravitch*, 148 App. Div. 54.) The petitioner's right to shut off the water for default in payment of its charges is not absolute, but depends upon the circumstances in which it seeks to apply it. (*McEntee* v. *Kingston Water Co.*, 165 N. Y. 27; *Pond* v. *New Rochelle Water Co.*, 143 App. Div. 69; 206 N. Y. 719; *Morey* v. *Metropolitan Gas Light Co.*, 38 N. Y. Super. Ct. 185; *Turner* v. *Revere Water Co.*, 171 Mass. 329; *Coe* v. *New Jersey Midland Ry. Co.*, 30 N. J. Eq. 440; *State ex rel. Scotillo* v. *Water Supply Co.*, 19 N. M. 27.)

*Thomas W. Maires* and *Henry S. Ferriss* for respondent. The appointment of the receiver of rents wrought no change in the title and interest of the parties to the foreclosure action. (*Hollenbeck* v. *Donnell*, 94 N. Y. 342; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *Herring* v. *N. Y., L. E. & W. R. R. Co.*, 105 N. Y. 340; *Matter of Lewis & Fowler Mfg. Co.*, 89 Hun, 208; *U. S. Trust Co.* v. *N. Y., W. S. & B. Ry. Co.*, 101 N. Y. 478; *Decker* v. *Gardner*, 124 N. Y. 334; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488; *Stokes* v. *Hoffman House*, 46 App. Div. 120; 167 N. Y. 554; *Reddy* v. *Raymond*, 194 Mass. 367; *Nicoll* v. *Spowers*, 105 N. Y. 1; *Warner* v. *Jaffray*, 96 N. Y. 248; *McIlhargy* v. *Chambers*, 117 N. Y. 532; *Freeholders of Middlesex Co.* v. *State Bank*, 29 N. J. Eq. 268; *Decker* v. *Gardner*, 124 N. Y. 334.) The rule of shut-off by a private water company for non-payment of its bills is reasonable and can be enforced against a delinquent owner who actually buys and consumes the water. (*Millville Improvement Co.* v. *Millville Water Co.*, 92 N. J. Eq. 480; *Harbison* v. *Knoxville Water Co.*, 53 S. W. Rep. 993; *Pond* v. *New Rochelle Water Co.*, 143 App. Div. 69; 206 N. Y. 719; *Treadwell* v. *Van Schaick*, 30 Barb. 444; *Silkman* v. *Water Commrs.*, 152 N. Y. 327; *Brass* v. *Rathbone*, 8

App. Div. 78; 153 N. Y. 435; *Krumenaker* v. *Dougherty,* 74 App. Div. 452; *People ex rel. O'Brien* v. *Keating,* 55 App. Div. 555; 166 N. Y. 601; *Frothingham* v. *Bensen,* 20 Misc. Rep. 132; *People ex rel. Kennedy* v. *Manhattan Gas Light Co.,* 45 Barb. 136.) The Appellate Division properly directed the receiver to pay the entire bill. (*Howell* v. *Ripley,* 10 Paige, 43; *Matter of LeBlanc,* 14 Hun, 8; 75 N. Y. 598; *Attorney-General* v. *Continental Life Ins. Co.,* 71 N. Y. 325; *Matter of Fischer,* 168 App. Div. 326; *Lathers* v. *Hamlin,* 102 Misc. Rep. 563; *Wyckoff* v. *Scofield,* 103 N. Y. 630; *Lichtenstein* v. *Belknap,* 100 Misc. Rep. 468; *Kronenthal* v. *Rosenthal,* 144 N. Y. Supp. 830; *Raht* v. *Attrill,* 106 N. Y. 423; *Dow* v. *Nealis,* 47 Misc. Rep. 153; *Farmers' L. & T. Co.* v. *Staten Island Belt Line R. R. Co.,* 17 Misc. Rep. 168; 6 App. Div. 148; *Vilas* v. *Page,* 106 N. Y. 439; *Frankenstein* v. *Hamburger,* 73 App. Div. 352; 172 N. Y. 609; *Sullivan* v. *Rosson,* 223 N. Y. 217; *Ranney* v. *Peyser,* 83 N. Y. 1; *Kroehle* v. *Ravitch,* 148 App. Div. 54.)

CRANE, J. " Has a private water-company the right, under its Rules and Regulations, to shut off the supply of water into mortgaged premises for the failure of a Receiver of Rents in possession thereof, after demand, to pay the water charges which have accumulated against the fee owner thereof *prior* to such Receivers' appointment? " This is the question certified to us by the Appellate Division arising out of the following facts:

This action has been brought to foreclose two mortgages consolidated into a single mortgage, held by the Title Guarantee and Trust Company, covering premises formerly in the town of Flatbush and now known as No. 457 and 459 Schenectady avenue. The apartments accommodate upwards of eighty-five families.

The mortgages were made in 1928 to secure the sum of $350,000, of which $335,000 remained unpaid at the commencement of the action.

After the recording of the mortgages, but before this foreclosure suit, the owner of the property, the defendant, known as 457 Schenectady Avenue, Inc., made application to the New York Water Service Corporation for the supply and service of water by meter to the apartments in the building, and since March 2, 1931, such supply has been furnished the tenants.

The Flatbush Water Works Company was chartered on June 14, 1881, under chapter 737 of the Laws of 1873 and its amendments, to supply water to public and private consumers and inhabitants in that part of Brooklyn then and now known as " Flatbush." Thereafter, in 1926, this water company was merged into the New York Water Service Corporation, pursuant to section 85 of the Stock Corporation Law (Cons. Laws, ch. 59), which latter company became vested with all the rights, privileges and franchises of the former.

Receiving a franchise to use the streets and highways for its water mains, this company was under a duty to furnish water as a public service to all those who required it and complied with the company's reasonable rules and regulations. (*City of New York* v. *Jamaica Water Supply Co.*, 181 App. Div. 49; affd., 226 N. Y. 572.) The water charge, however, did not become a lien upon real estate, as no lien is or has ever been given to a private water company in this State under the act for the incorporation of water companies, chapter 737 of the Laws of 1873, or by any subsequent act. Herein is a distinction between private and public water companies. Water charges are made a lien when furnished by the city of New York (Greater New York Charter [L. 1901, ch. 466, amd. L. 1916, ch. 602, § 2], § 473) or by a town (Town Law [Cons. Laws, ch. 62], § 293) or by a village (Village Law [Cons. Laws, ch. 64], § 229).

By December 18, 1931, 457 Schenectady Avenue, Inc., had run up a water bill of $677. On December 16, 1931, a receiver of the rents and profits was appointed in this

foreclosure action and the water company sought to shut off the supply of water to the tenants in the apartments until and unless the receiver paid this past due bill of the owner. Under its rules and regulations this was a remedy against an owner in possession and would be good as against the receiver for charges accruing during his occupancy, that is, for water furnished to him. Must the receiver, however, pay all charges due at the time of his appointment before he can get water for the apartment? This is the question sent to us by the Appellate Division in an application in the action by the water company for an order permitting it to make this move against the court receiver and to shut off the water supply. Overruling the Special Term, the Appellate Division granted the permission by granting the motion and the Title Guarantee and Trust Company, the mortgagee for whose benefit the receiver was appointed, has, with leave of the Appellate Division, appealed to this court.

The mortgages under foreclosure secured the plaintiff's loan not only by a lien upon the real estate but also by a right to take the rents during the time necessary to foreclose the lien. With large mortgage loans such as here upon the modern apartment house this is a very material and important part of the security, as the income is large and the legal proceedings often take considerable time before resulting in a sale of the property. Large apartment and office buildings have not the ready market of smaller buildings even in prosperous times. The plaintiff in applying for a receiver did so under this reserved right in its mortgages for the further security of its debt. The receiver on December 16, 1931, took possession as an officer of the court for the benefit of the mortgagee, plaintiff, and the order appointing him so stated. Whatever charges and expenses were to be necessarily incurred in running and keeping up the property during his possession were naturally to be deducted from the rents and income but he was under no duty or

obligation to pay the debts of the owner which were not liens or charges upon the property. He was appointed to collect the money due the plaintiff, not money due the water company. To force him to pay the latter's claim by shutting off the water supply would in effect give a lien on the property for the amount due which it is conceded the water company does not have.

The use of water is necessary to the discharge of the duty which the court has imposed upon the receiver. Of what value would the apartments be without water? They could not be rented, and rent because of removal would speedily diminish. The receiver would soon have nothing to collect and thus the security of the rents given to the mortgagee would be valueless unless it consented to and did pay the owner's debt to the water company. This gives that company a grasp upon the realty which has been refused by statute. Thus by indirection is received that which cannot be openly claimed by a direct charge upon the property. The receivership clause in mortgages would be of little meaning were it subject to the claim here put forth by the water company and if the security of the rents could fluctuate with the profligacy of the owner and the indulgence of a public service company. A mortgagee could not control the growing indebtedness for water nor compel the company to press the owner for payment, so long as there was no default in the mortgage obligations. So, too, the mortgagee could not ascertain how much this indebtedness might be except by the voluntary statements of the water company. Unlike all other charges on realty there would be no official record. Taxes, assessments and water rates which are liens upon real property if paid by a mortgagee may be collected in the foreclosure proceedings. (Real Prop. Law [Cons. Laws, ch. 50], § 254, subd. 6; Civ. Prac. Act, § 1087.) Not so the past due water charges here, as they are not liens. If paid by the receiver, and so ultimately by the plaintiff, how are

they to be recovered? As a debt due from the owner, which probably is financially irresponsible.

Although this question has not been before the courts of this State until raised in this case, other courts have been called upon to express their views on like or similar situations. As to a grantee of the property all agree, as do the able counsel in this case, that he takes free from any obligation to pay his grantor's debt for water service and the water company cannot discontinue the supply of water so long as the present owner pays for his own user. (See on this point *City of Covington* v. *Ratterman*, 128 Ky. 336; *State ex rel. Scotillo* v. *Water Supply Co.*, 19 N. M. 27.) The same result was reached in behalf of a tenant. (*Turner* v. *Revere Water Co.*, 171 Mass. 329; *Millville Improvement Co.* v. *Millville Water Co.*, 92 N. J. Eq. 480.) And the very question we are now considering has been decided in favor of the mortgagee in *Coe* v. *New Jersey Midland Ry. Co.* (30 N. J. Eq. 440; 31 N. J. Eq. 105); *Vanderbilt* v. *Hackensack Water Co.* (110 N. J. Eq. 636).

The answer to the question submitted is not dependent upon the passing of title; rather, it depends upon possession under a prior right reserved in the mortgage, giving the rents and income as security for the mortgage debt. To give effect and value to this security, the debt of the owner for past water service cannot be treated as a charge on the property or the water supply shut off until it be paid by the receiver appointed for the benefit of the mortgagee.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; POUND, Ch. J., and CROUCH, J., not sitting.

Ordered accordingly.