ARTHUR T. VANDERBILT and NEW JERSEY NATIONAL BANK AND TRUST COMPANY OF NEWARK, trustees in liquidation, complainants-respondents,

*v.*

HACKENSACK WATER COMPANY, a corporation of New Jersey, defendant-appellant.

[Submitted February term, 1933. Decided April 28th, 1933.]

*Mr. Samuel William Zerman* (*Mr. Josiah Stryker,* of counsel), for the defendant-appellant.

*Mr. Jerome C. Eisenberg,* for the complainants-respondents.

The opinion of the court was delivered by

HEHER, J.

Complainants are the holders of a first mortgage covering an apartment house situate in West New York. There was a default, and complainants, exercising a right conferred by the contract, elected that the principal sum should become immediately due and payable, and entered into possession of the mortgaged premises. Entry was made on November 27th, 1931. The mortgage contained an assignment of the rents to the mortgagee, in the event of a default, and authorized in that case the taking of possession and the collection of rents. A bill to foreclose was filed on December 7th, 1931.

The defendant is a private water company, and is the sole source of water supply for the town of West New York. At the time of complainants' entry, there were arrearages for water supplied by the water company to the owner, and the water company advised complainants that it would terminate

the water supply unless the amount in arrears was paid. Thereupon a bill for an injunction was filed. Defendant answered that complainants were not new owners, and did not stand in the position of new owners, but were mere assignees whose rights were not superior to those of the assignor, and that it was its right and privilege to withhold the water service until the indebtedness was paid. It made specific reference to a rule of the public utility commission that expressly authorizes this course. Issue was joined, and a final decree was entered granting the prayer of the bill. Defendant appeals from that decree.

Appellant concedes that it does not have a lien upon the lands for the unpaid water charges. It is well settled that a water company, though charged with the public duty of furnishing water to all the inhabitants without discrimination, may adopt reasonable rules for the conduct of its business and the operation of its plant, and such rules, so far as they affect its patrons, are binding on them, and may be enforced, even to the extent of denying water to those who refuse to comply with them. Such power is not dependent upon any express legislative authority; it is incident to a corporation of that nature. This right of reasonable regulation is uniformly held to include the right to shut off the water supply of delinquents, and also the right to require consumers to pay water rents for a reasonable time in advance. *Millville Improvement Co.* v. *Millville Water Co., 92 N. J. Eq. 480.* But it is equally well settled that in the absence of any statute expressly authorizing it, or making the arrearages a lien on the lands, the water company has no right to cut off the water supply unless and until the arrears due from a former owner are paid. *McDowell* v. *Avon-by-the-Sea Land and Improvement Co., 71 N. J. Eq. 109, 113; Millville Improvement Co.* v. *Millville Water Co., supra.*

Appellant insists that complainants do not have the status of new owners; that they are not in possession of the premises in their own right, but as the agents of representatives of the owner of the equity of redemption, and that in the circumstances it has the right to refuse water service.

The mortgage in the instant case secured the obligation not only by conveyance of the lands upon condition, but by an assignment of the rents from the time of the occurrence of a default until the equity of redemption should be barred by a decree in foreclosure. To give full effect and value to this security, the debt of the defaulting owner of the equity of redemption, for water service furnished while he was in possession of the mortgaged lands, cannot be treated as a charge on the property in the sense that the right to a continuance of the service while the mortgagee is in possession is not an absolute one, but is conditional upon the payment of the arrearages. The assignment clause would have little or no effect were it subject to the payment of such charges. The indulgence of the water company in dealing with the irresponsible owner would be at the expense of the mortgagee. *Title Guarantee and Trust Co.* v. *457 Schenectady Avenue, 260 N. Y. 119; 183 N. E. Rep. 198.* Complainants took possession of the mortgaged premises under and by virtue of the authority conferred by the assignment clause, and not as the agents or representatives of the owner of the equity of redemption. To compel them to assume payment of the arrearages for water furnished to the owner would be the equivalent of establishing a lien upon the premises for the amount thereof. This is a legislative and not a judicial function.

The decree will therefore be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.