## HOME OWNERS' LOAN CORPORATION
### vs.
## MANCHESTER WATER COMPANY

Court of Common Pleas     Hartford County     File #37506

MEMORANDUM FILED JUNE 2, 1938.

A. A. Ribicoff, of New Britain, for the Plaintiff.

William S. Hyde, of Manchester, for the Defendant.

MOLLOY, J.   The plaintiff is a federal corporation organized and existing by virtue of an act of the Congress of the United States. The defendant is a public service corporation specially organized and incorporated under the laws of the State of Connecticut, having an office and principal place of business in the Town of Manchester, Connecticut, and engaged in the business of distributing and selling water for purposes of home use.

The plaintiff has a mortgage on premises known as 9 Strickland Street in the Town of Manchester, Connecticut. This mortgage provided that in case of default, the plaintiff, that is, The Home Owners' Loan Corporation, could enter into and take possession of the premises and collect the rents thereof.

The mortgagors being in default, on April 8, 1938 the plaintiff took judgment in foreclosure proceedings in the Superior Court for Hartford County, the law date being set for June 20, 1938.

On March 17, 1938 the plaintiff made peaceable entry upon the premises with the permission of the mortgagors and took possession thereof. At the same time the tenant attorned to the plaintiff and agreed to pay rent to the plaintiff from April 1, 1938 and in accordance with said attornment agreement has paid rent to it.

On April 14, 1938 the defendant informed the plaintiff that the mortgagors being indebted to the defendant for water service in the amount of $31.78, which sum represented an arrearage for water furnished prior to the entry of the plaintiff upon said premises, the water service to said premises would be discontinued unless the plaintiff paid the delinquent water charges.

Immediately upon receipt of this notice, the plaintiff notified the defendant by letter that it would assume all water charges accruing against the premises from the date it went into possession thereof.

The defendant has a monopoly upon the water supply to that portion of the town of Manchester in which the premises in the control and possession of the plaintiff are situated. These premises and the tenants thereof are therefore absolutely dependent upon the defendant for a water supply.

On April 23, 1938 a temporary injunction pendente lite was granted the plaintiff restraining the defendant from discontinuing or cutting off the supply of water to the premises now in the possession of the plaintiff, and the defendant now seeks to have this injunction dissolved.

The question is: May this water company shut off the supply of water to the mortgagee in possession for failure of the owner of the equity of redemption to pay the arrears of water charges incurred prior to the plaintiff taking possession?

It is the contention of the plaintiff that no such right exists in the defendant corporation inasmuch as it has no lien rights against the property to which it furnishes water; that it can pursue its right in personam against the mortgagors and this right should not be converted to one in rem against the property.

The defendant concedes it has no lien rights against the property, and that, therefore, it has but two remedies with which to enforce payment of its water rental. It can either bring suit against the person liable for the water, or it can shut off the water until the arrearage is paid. The first claim is undisputed, of course. The last claimed right is what is in question here.

The defendant bases this claim of right on section 13 of the defendant's charter. It provides:

"The occupant of any house, tenement, or building, who shall take the water of said company, shall be liable for the price of the rent of the same, and the agents of said company, intrusted with the superintendence of the works, may at all reasonable times enter the premises so supplied, to examine the pipes and fixtures, and to prevent unnecessary waste."

Now, the defendant's reasoning in this regard is that the word "occupant" in the above quoted section must be construed to mean ownership, otherwise the defendant would not be able to collect its water rents; that it has no contractual relation with any occupant or tenant of a building unless the occupant is also the owner; that it has always construed the word "occupant" to mean owner; and that the plaintiff is not the owner of the premises in question. It is clear, therefore, that the defendant's position centers around the fact that the plaintiff is not the owner of the premises, title to the same still standing in the names of the mortgagors until the law day which has been set for June 20, 1938.

Now, on the matter of peaceable entry into possession, the plaintiff cites the case of *Hartford Realization Co. vs. Travelers Insurance Co.*, 117 Conn. 218. In that case the court held that a mortgagee is entitled to possession and has an immediate right of entry which he may assert without bringing an action for possession, and that such a mortgagee in possession is entitled to collect rents due subsequent to said entry, being only liable on foreclosure or redemption of the premises to account for them. In other words, that the mortgagee in possession is in a sense a receiver of rents. The defendant admits this, but contends that the difference between that case and the instant one is that the plaintiff has already brought its action to get possession, and has had a law day fixed. I cannot see that it makes any difference, because the

plaintiff, under the mortgage terms, was given this right of entry in case of default. What difference does it make that the plaintiff has made entry upon the premises and taken possession peaceably after action brought to get possession? It could do so before action was brought if done peaceably. In the instant case the plaintiff has made entry and taken possession of the premises peaceably with the permission of the mortgagors, and in addition it has received an attornment agreement from the tenant, a right given it by the express terms of the mortgage contract.

Now there are two decisions, the reasoning of which, seem to me to be determinative of the question in this case. These cases are *Title Guarantee & Trust Co. vs. 457 Schenectady Ave., Inc.*, 260 N. Y. 119, and *Vanderbilt vs. Hackensack Water Co.*, 110 N. J. Eq. 636. The first action involved a foreclosure proceeding wherein a receiver of rents had been appointed, and the water company sought to cut off the supply of water unless the receiver paid the past due bill of the owner of the premises. The Court reasoned that the mortgage was secured not only by a lien upon the real estate but also by a right to take the rents during the time necessary to foreclose the lien; and that whatever charges and expenses were to be necessarily incurred in running and keeping up the premises during the receiver's possession were to be deducted from the rents, but that he was under no duty or obligation to pay the debts of the owner which were not liens or charges upon the property. The Court further argued that to force him to pay the water company's claim by shutting off the water supply would in effect give a lien on the property for the amount due which the company did not have; and that water charges are not like public records, whereby a mortgagee may know what bill for water the mortgagor is running up; and that the use of water is necessary to the discharge of the duty which the Court imposed upon the receiver.

In the latter case the complainants were holders of a first mortgage and were in peaceful possession of the mortgaged premises by virtue of a provision in the mortgage which authorized them upon default to enter into possession and collect rents thereof. The defendant was a water company similar to the defendant in the instant action. The complainants immediately upon entering into possession gave notice to the defendant that thereafter they would be responsible for payment of charges for water service; whereupon the defendant

refused to furnish water unless the complainants should forthwith pay arrears of water charges for water theretofore furnished to the owner of the equity of redemption and used in the mortgaged premises. Upon the defendant's threat to cut off the water supply in default of payment, an injunction pendente lite was granted. There was no statute, rule or regulation under which the defendant was entitled to a lien on premises for arrears for water supplied.

The Court said (p. 637): "In that situation defendant may not refuse to supply water to a new owner or tenant of the premises unless defendant's charges in arrear for water supplied to a previous owner or tenant are paid, and this court may grant relief against the consequence of such a refusal. . . . When the mortgagee takes possession after default, such possession is adverse to and independent of the mortgagor's right to possession, for the mortgagee thus puts an end to those rights of the mortgagor which are incident to or arise out of possession, and the mortgagee cannot be ousted thereafter by the mortgagor until the mortgage be paid. . . . Meanwhile the mortgagee has all the rights that actual possession confers, subject, of course, to his liability to credit the profits to the mortgage debt."

Since the mortgagees took possession in their own right and since the water company has no right of lien on land for water supplied, it is not justified in refusing to furnish water unless the new occupant on the premises pays a water debt owing by a former occupant. In the latter case the Court further said (p. 638): "I see no more reason why complainants should be compelled to discharge defendant's unpaid bill, than that they should be required to pay for coal, janitor's services, or any other commodity furnished to and consumed by the mortgagor while he was in possession."

It is admitted that the defendant company has no lien rights against the property supplied by its water service. The plaintiff is in possession in its own right and is an independent occupant. So long as the plaintiff pays for water consumed subsequent to its occupancy, it is entitled to be supplied with this necessity.

In view of the authorities cited and the reasoning thereof, it seems to me that the plaintiff is right in its contention that the water company may not shut off the supply of water to a mortgagee in possession for failure of the owner of the equity of redemption to pay arrears of water charges incurred prior

to the mortgagee taking possession. To do otherwise would give the defendant a club which the Legislature never intended that it should have.

The motion to dissolve the injunction pendente lite is denied.