The bill of complaint alleges that the Home Owners' Loan Corporation is the owner of property located in the township of Franklin, Somerset county, this state, the title to which it acquired on or about July 30th, 1937, through the foreclosure of a mortgage which it held covering said premises; that the defendant, city of New Brunswick, owns and maintains a system of water supply by which water is furnished to its inhabitants and also to some of the inhabitants of the neighboring township of Franklin; that at the time complainant acquired title to the property in question there was due the city of New Brunswick for water furnished to said premises the sum of $120, together with interest, representing past due charges for water service rendered to the mortgagor.
On November 22d 1937, complainant was notified by the city of New Brunswick that unless said arrearages with interest were paid the supply of water to the premises in question would be shut off and further water service refused.
Complainant's bill prays injunction restraining the defendant from shutting off the water service to said premises. The matter is now before me on a motion to strike the bill of complaint for want of equity.
The right of the defendant to shut off the water in the premises in question if the same were located within the boundaries of the defendant municipality is not, nor can it be questioned. Rev. Stat. 40:62-77, 40:62-78, 40:62-79. The defendant's solicitor concedes that inasmuch as the premises in question are not located within the boundaries of the city of New Brunswick no lien for the arrears of water charges exists, but he contends that the defendant nevertheless has the right to shut off the water until payment is made, relying upon Howe v. Cityof Orange, 73 N.J. Eq. 410. But in the *Page 307 
cited case the premises were located in the city of Orange, and while the water arrearage was due from a former owner the right to shut off the water was provided for by the statute there under consideration.
Rev. Stat. 40:62-78 provides:
"The owner of any house, tenement, building or lot shall be liable for the payment of the price or rent as fixed by the governing body for the use of water by such owner, or by the occupier, and for the installation, purchase price, repair and testing of any water meter, water service, connections, appliances or parts, and renewals thereof, heretofore or hereafter furnished or made by the municipality, or any department thereof, in or upon such house, tenement, building or lot or connecting therewith, and the interest and penalties charged. The price or rent so fixed, and the other costs, expenses, interest and penalties shall be a lien upon said house, tenement, building or lot until paid and satisfied. The governing body may require payment in advance for the use or rent of water furnished by it, and for any work to be done or materials to be furnished."
Rev. Stat. 40:62-83 provides for the making of contracts by the governing body of any municipality owning its own water supply for the delivery of water either within or without the territorial limits of the municipality with the consent of the municipality in which the purchaser is located. And section 40:62-85 provides:
"Any municipality owning or controlling waterworks may supply dwellers and other consumers of water in other municipalities through which its mains may pass with water, and for that purpose may lay its mains and water pipes in or under any street, highway, alley or public place in the other municipality. The water shall be supplied to such dwellers and other consumers of water in other municipalities upon the same, or as favorable terms and conditions, as water shall be furnished to dwellers within such municipality for the supplying of which with water such waterworks have or shall have been organized or established."
The statute, where water is supplied by a municipality owning its water supply to consumers in another municipality, does not create a lien for unpaid water charges, and it is contended by the complainant that when a municipality contracts under the statute with another municipality to furnish water to its inhabitants that the municipality which owns the water *Page 308 
supply is in no better position than that of a private water company with the right to make reasonable regulations, but without the right to cut off the water supply for charges which accrued prior to the date that complainant acquired title to the realty. In Vanderbilt v. Hackensack Water Co. (Court ofErrors and Appeals), 113 N.J. Eq. 166, it was held that reasonable rules for the conduct of the business and the operation of the plant of a water company, so far as they affect its patrons, are binding on them, and may be enforced, even to the extent of denying water to those who refuse to comply with them. "This right," said the court, "of reasonable regulation is uniformly held to include the right to shut off the water supply of delinquents, and also the right to require consumers to pay water rents for a reasonable time in advance. MillvilleImprovement Co. v. Millville Water Co., 92 N.J. Eq. 480. But it is equally well settled that in the absence of any statute expressly authorizing it, or making the arrearages a lien on the lands, the water company has no right to cut off the water supply unless and until the arrears due from a former owner are paid.McDowell v. Avon-by-the-Sea Land and Improvement Co., 71 N.J. Eq. 109,113; Millville Improvement Co. v. Millville Water Co.,supra. * * * To compel them [the new owners] to assume payment of the arrearages for water furnished to the owner would be the equivalent of establishing a lien upon the premises for the amount thereof. This is a legislative and not a judicial function." I am of opinion that the cited case applies to the facts in the instant matter.
The bill of complaint is not objectionable for want of equity. It was held in McDowell v. Avon-by-the-Sea, c., Co., supra, that "cutting off the supply of water for domestic purposes is damage of that grievous nature which falls within the principle of the decisions of the court of chancery as to irreparable damage."
The motion to strike is denied. *Page 309