UNITED STATES of America, Plaintiff,

v.

SPRINGWOOD VILLAGE, Inc., Val-Kill Water Corp., Morris Rudnick, Defendants.

United States District Court
S. D. New York.
Dec. 23, 1958.

886

Arthur H. Christy, U. S. Atty. for Southern District of New York, New York City, John W. Hasson, Asst. U. S. Atty., Woodside, N. Y., of counsel, for plaintiff.

Joseph H. Gellert, Poughkeepsie, N. Y., for defendant Val-Kill Water Corp.

DIMOCK, District Judge.

In this action to foreclose a mortgage the United States of America as mortgagee seeks a preliminary injunction against defendant Val-Kill Water Corporation restraining it from suspending the supply of water to the mortgaged premises. These premises consist of a housing project made up of multiple family housing units comprising seventy apartments of which sixty-three are presently occupied. The mortgagor is in arrears in the payment of water bills to an amount alleged to be $2,800.

The mortgagor has defaulted in making the payments required under the mortgage and the United States of America as mortgagee has, with the consent of the mortgagor, taken possession of the project and is collecting rents.

Defendant Val-Kill Water Corporation has threatened to cut off the water supply unless the charges which accrued prior to the date when the mortgagee took possession are paid. No controversy exists with respect to charges which have accrued since the date of taking possession, the United States conceding its liability for these charges.

The United States seeks a preliminary injunction restraining the Water Corporation from carrying out its threat. The question raised is a serious one since the Val-Kill Water Corporation was formed for the purpose of supplying water to the project and has no other income except that from water charges payable by approximately forty outside houses, while the tenants have no other source of supply.

The annual charges from the project amount to about $8,000. Thus the amount herein involved constitutes a very substantial portion of the Water Corporation's gross annual income and its failure to collect that amount will create a serious financial emergency. On the other hand, the supply of water to the project is essential to its very

existence and the mortgagee's security will be seriously impaired if the tenants are driven away because they are unable to get a supply of water. If the Water Corporation has no right to shut off the water, the injury from its wrongful action in doing so would be serious enough to constitute the irreparable injury against which a preliminary injunction may be awarded. Whitmore v. New York Inter-Urban Water Co., 158 App. Div. 178, 142 N.Y.S. 1098; Home Owners' Loan Corporation v. City of New Brunswick, 124 N.J.Eq. 305, 1 A.2d 854.

■ It is assumed on all hands that the Water Corporation under its rules and regulations has a right to cut off the supply of water as against a customer who is in arrears. It is well settled, however, that a private water company cannot shut off a grantee's water supply because of arrears owing by his grantor or shut off a tenant's water supply because of arrears owing by a predecessor in the tenancy. Title Guarantee & Trust Co. v. 457 Schenectady Ave., 260 N.Y. 119, 127, 183 N.E. 198, 86 A.L.R. 347. The problem here is whether a mortgagee in possession should be treated for this purpose as if the mortgagor was still in possession or as if the mortgagee in possession was a subsequent grantee of the mortgagor.

■ If a receiver were in possession to collect the rents for the mortgagee it is clear that the Water Company would have no right to shut off the water because of the arrears of water rents owed by the mortgager. Title Guarantee & Trust Co. v. 457 Schenectady Ave., supra. The Court of Appeals in that case in deciding the question said, at page 127 of 260 N.Y., at page 200 of 183 N.E.:

"The answer to the question submitted is not dependent upon the passing of title; rather, it depends upon possession under a prior right reserved in the mortgage, giving the rents and income as security for the mortgage debt. To give effect and value to this security, the debt of the owner for past water service cannot be treated as a charge on the property or the water supply shut off until it be paid by the receiver appointed for the benefit of the mortgagee."

■ Such being the reason why a receiver of rents appointed in an action to foreclose a mortgage is entitled to the maintenance of the water supply despite arrears of the mortgagor, I cannot distinguish the case of the mortgagee in possession.

The mortgage here under consideration, just as did the mortgage in the Schenectady Avenue case with respect to a receiver, provides that, upon any default by the mortgagor, the holder of the mortgage may enter and collect the rents and apply them to the payment of all charges and expenses on account of the mortgage indebtedness and that the rents are assigned as further security for the payment of the indebtedness. If the mortgagee in possession were required to make good the defaults of the mortgagor in paying water charges that would destroy the security given by the mortgage just as effectively as if the person who was being forced to pay the debt of the mortgagor was a receiver of the rents.

In this conclusion I am re-enforced by Judge Edgcomb's words in Mortimer v. East Side Savings Bank, 251 App.Div. 97, 99, 295 N.Y.S. 695, 698:

"In so far as the title to or interest in the security is concerned, and in so far as the duty to account for rents received is involved, a mortgagee in possession stands in the same position as a receiver of rents and profits".

The conclusion is also supported by a case on all fours in New Jersey, Vanderbilt v. Hackensack Water Co., 110 N.J. Eq. 636, 160 A. 825.

Motion for a preliminary injunction is granted.

Settle order on notice.