Keating, J. (dissenting).
The decision of the majority seems to me to reach an inequitable result. It is not mandated by the prior decisions of this court.
Under the terms of a contract to lease 125 air-conditioning units at a stipulated monthly rental for a period of five years, appellant’s predecessor in interest agreed to an acceleration clause making the entire term balance due and payable upon any monthly default after notice and demand. Default occurred for June and July, 1964, and the then outstanding balance of $29,397.42 was declared due and payable. Thereafter, on July 15, 1964, the appellant purchased the premises in which the air-conditioning units were located without assuming the leasing agreement in question. Upon plaintiff’s demand that appellant pay the balance due, appellant refused and suggested that the units be removed.
■Shortly thereafter, however, the Brooklyn Savings Bank which held the first mortgage on the property got wind of the transaction and served a notice on appellant that it would treat their removal as a default under- the terms of the mortgage to which the lease was subordinated. Thereupon, appellant, caught in this bind, denied plaintiff access to the premises to remove the equipment. On these facts, the majority would give the plaintiff summary judgment for the full accelerated balance due under the lease.
It is nowhere suggested that defendant either explicitly or merely by purchase of the real estate assumed the obligations of his grantor under the lease of personalty. (Langel v. Betz, *5 250 N. Y. 159.) Defendant’s liability, if at all, is based upon its refusal to relinquish possession of the air-conditioning units and upon its own continuing use of them. (Gillette Bros. v. Aristocrat Rest., 239 N. Y. 87; Frank v. New York, L. E. & W. R. R. Co., 122 N. Y. 197, 215; Title Guar. & Trust Co. v. 457 Schenectady Ave., 260 N. Y. 119; Tel-Hotel Corp. v. Lexnott Corp., 205 Misc. 576, 583.)
The rule was succinctly stated in Frank (supra, p. 219): “ Where a person other than the lessee is shown to be in possession of leasehold premises, the law presumes that the lease has been assigned to him * * * It does not, however, presume that the assignee entered into any express covenant to pay rent, so as to make himself liable through privity of contract, or otherwise than through privity of estate.
Furthermore, the appellant might dispose of the premises prior to the expiration of the lease. In this event, the cases cited make it clear that appellant, if sued for use and occupancy, “might discharge itself from all further liability by assigning its interest in the premises to a stranger ” (Gillette Bros. v. Aristocrat Rest., supra, p. 90), the reason being that as liability depends upon possession and use, when such possession and use is gone the sole basis upon which such a defendant can be held is thereby obviated.
Of course, in the absence of novation or other affirmative agreement, the liability of the original lessee, appellant’s grantor, continues undisturbed. The inequity of thus imposing contractual liability upon one not a party to the contract thereby 'becomes apparent — especially when the defendant is held liable for the breach of a contract, which occurred prior to its purchase of the premises, which had already ripened into liability, and which it could do nothing to prevent.
When similar circumstances occurred in Title Guar. & Trust Co. v. 457 Schenectady Ave. (260 N. Y. 119, supra) and General Meter Serv. Corp. v. Manufacturers Trust Co. (182 Misc. 184 [per Froessel, J.], affd. 267 App. Div. 992), the rule applied relieved the assignee of obligations arising prior to the taking of possession and already due, and imposed liability only insofar as the assignee in fact availed itself of the benefits of the contract. Undoubtedly, appellant would be liable for use and occupancy or for conversion, arising out of refusing plaintiff’s *6 demand for the equipment upon default. The important difference is that in conversion plaintiff would recover the present value (said to be about $17,000) and the appellant would then own the equipment, whereas, by the majority decision he must pay over $29,397.42 and then surrender the equipment at the termination of the lease on August 31, 1968. Plaintiff should be relegated for relief over and above the value of the leased equipment to appellant’s grantor who contracted to pay the plaintiff.
The order of the Appellate Division should, therefore, be reversed and plaintiff’s motion for summary judgment should be denied.
Chief Judge Desmond and Judges Fuld, Burke, Scileppi and Bergan concur with Judge Van Vooehis; Judge Keating dissents in a separate opinion.
Order affirmed.