104 N.J. Super. 161 (1969)
249 A.2d 21
FRANCIS B. McMENAMIN AND ROSE M. McMENAMIN, HIS WIFE, PLAINTIFFS,
v.
EVESHAM MUNICIPAL UTILITIES AUTHORITY, A PUBLIC BODY CORPORATE AND POLITIC UNDER N.J.S.A. 14B-4, 5 AND 6, IN THE TOWNSHIP OF EVESHAM, BURLINGTON COUNTY, NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 7, 1969.
*162 Mr. Joseph S. Georgiana for plaintiffs (Messrs. Capehart & Scatchard, attorneys).
Mr. James M. Davis, Jr. for defendant (Messrs. Powell and Davis, attorneys).
WICK, J.S.C.
This matter involves cross-motions for summary judgment in order to determine whether, under New Jersey law, a municipal utilities authority has the *163 power to shut off the water supply to an owner's premises in order to compel the payment of arrears due from a former owner. The relevant facts are undisputed and are set forth below.
Defendant Evesham is a municipal utilities authority established pursuant to N.J.S.A. 40:14B-1 et seq. Plaintiffs Mr. and Mrs. Francis B. McMenamin are the present owners of the premises known as 25 Princess Avenue, in Evesham Township, New Jersey. They acquired title to these premises on August 2, 1965 by a deed from Evesborough West Corporation for a purchase price in the amount of $13,990. Before making settlement the purchasers employed a title company for the purpose of obtaining a tax search pertaining to the premises, which search dated July 22, 1965, did not reveal any recorded lien with respect to the water and sewer charges.
Two years later, on October 20, 1967, the purchasers received a letter from the Evesham Municipal Utilities Authority advising them that the prior owners had not paid the water and sewer bills for the years 1963, 1964 and part of 1965, in the sum of $160.74, and stating that subsequent purchasers were responsible for the payment of such charges. It is not disputed that the McMenamins did not contract for such water and sewer services during the years in question, nor were they owners or occupants of the premises when the services were provided. Furthermore, at the time the McMenamins purchased the premises they had no knowledge or notice of such unpaid charges.
On September 23, 1968 the authority sent another letter to the McMenamins demanding payment of the unpaid charges and threatening to discontinue water service if payment was not made. Thereafter the McMenamins filed this suit to enjoin the authority from discontinuing the water and sewer service to their premises.
Under R.R. 4:58-3 a party is entitled to a summary judgment when the pleadings, depositions and affidavits on *164 file show palpably that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. In this case, since the facts are not in dispute, the issue remaining for determination by the court is which party is entitled to judgment under the law.
It is well settled that in the appropriate circumstances a court of equity has the power to enjoin a municipal authority or private water company from shutting off a consumer's water service inasmuch as irreparable damage to the consumer might otherwise result. McDowell v. Avon-By-The-Sea Land and Improvement Co., 71 N.J. Eq. 109 (1906); Home Owners' Loan Corp. c. City of New Brunswick, 124 N.J. Eq. 305 (E. & A. 1938).
The circumstances in which a municipality (or here, a municipal authority) is justified in terminating a consumer's water service are strictly circumscribed by statutory and common law principles. The general rule followed in New Jersey is that in the absence of a statutory or contractual basis or a valid lien on the premises, a municipality or private water company may not discontinue water service to a property in order to coerce the present owner into paying charges incurred by a former owner for service rendered before the present owner acquired title. McDowell v. Avon-By-The-Sea Land and Improvement Co., supra; Home Owners' Loan Corp. v. City of New Brunswick, supra; Millville Improvement Co. v. Millville Water Co., 92 N.J. Eq. 480 (1921); Howe v. City of Orange, 70 N.J. Eq. 648 (1905); Sims v. Alabama Water Co., 205 Ala. 378, 87 So. 688, 28 A.L.R. 463; 19 A.L.R.3d, 1227, 1251.
McDowell v. Avon-By-The-Sea Land and Improvement Co. involved a suit by hotel owners to restrain a private water company from cutting off the water supply to the hotel. The water company threatened to do so because of the failure of a previous owner to pay arrears of water rents. The court held that in the absence of any statute authorizing termination *165 of service or making arrearages a lien on the lands, the private water company's regulation which authorized a shut-off was unreasonable as impairing the subsequent beneficial use of property by requiring a subsequent owner to perform obligations of a former owner. See also Vanderbilt v. Hackensack Water Co., 113 N.J. Eq. 166 (1933).
In Home Owners' Loan Corp. v. City of New Brunswick, supra, the court held that status of the municipality with respect to its supplying water to properties outside the city limits was that of a private water company. Therefore under the statute the municipality had no lien or other basis for authorizing the termination of water service where the present owner refused to pay the arrears of water charges owing from a previous owner.
In Howe v. City of Orange, supra, a property owner sought to enjoin the municipality from shutting off the water where a former owner had failed to pay water rents. The municipality acted pursuant to a statute, Act of 1876 (1 Gen. Stat. p. 649, § 10), which provided that in case prompt payment of any water rents shall not be paid when they become due, the water shall be shut off from the premises in question. On the basis of that statute the court held the municipality had the right to shut off the water from the premises and the suit to enjoin was dismissed. I feel that the crucial difference exists between the statute relied upon in Howe and the statute applicable in the instant case. The former legislation (since repealed) contained no provision granting a bona fide purchaser of property the right to take free and clear of an unrecorded municipal lien arising from unpaid water charges. On the other hand, N.J.S.A. 40:14B-42 provides that a subsequent bona fide purchaser shall not be bound or affected by such an unrecorded lien.
The statutory provision upon which the authority bases its right to shut off the McMenamins' water service is N.J.S.A. 40:14B-43. Since the Municipal Authorities Act is a fairly recent statute and has been the subject of very little *166 judicial review, several relevant provisions of the act should be reviewed.
The basic authority for the imposition of water service charges and sewerage charges by a municipal utilities authority are found in N.J.S.A. 40:14B-21 and 22. Pursuant to these sections water and sewer charges may be charged and collected from any person contracting for such connection or use or services, or from the owner or occupant, or both of them, of any real property which directly or indirectly is or has been connected with the system. N.J.S.A. 40:14B-41 authorizes the collection of interest at the rate of 1% per month on service charges which are not paid as and when due. N.J.S.A. 40:14B-42 to 47 sets forth the remedies available to the authority for the purpose of enforcing the payment of unpaid charges. First, N.J.S.A. 40:14B-42 provides that a lien should attach to the premises where the service charges remain unpaid. Second, N.J.S.A. 40:14B-46 authorizes the authority to institute court proceedings to recover unpaid charges or to foreclose any lien on the property. Third, N.J.S.A. 40:14B-43 and 44, the provisions which the authority relies on here, give the authority the power to shut off the water for nonpayment of water and/or sewer charges. N.J.S.A. 40:14B-43 provides in pertinent part:
"In the event that any service charge of any municipal authority with regard to any parcel of real property shall not be paid as and when due, the municipal authority, may, in its discretion, enter upon such parcel and cause any connection * * * to be cut and shut off until such service charge * * * shall be fully paid to the municipal authority."
The authority takes the position that the right to terminate water service which is expressly granted by the above provision is an in rem remedy available by way of self-help, and that the existence and availability of this remedy is in no way negatived or limited by any of the other provisions (i.e., N.J.S.A. 40:14B-42) of the statute. As support *167 for this latter proposition the authority relies on N.J.S.A. 40:14B-47, which states that all remedies granted in the act for the collection and enforcement of service charges are to be cumulative and concurrent.
On the other hand, the McMenamins contend that the authority's remedy of discontinuing water and sewer to their premises where the water charges of prior owners remain unpaid should not apply to them for the reason that they are subsequent bona fide purchasers of the premises. The McMenamins rely on N.J.S.A. 40:14B-42, which provides in pertinent part:
"In the event that a service charge of any municipal authority with regard to any parcel of real property owned by any person * * * shall not be paid as and when due, the unpaid balance thereof and all interest accruing thereon shall be a lien on such parcel. * * * Such lien shall not bind or affect a subsequent bona fide purchaser of such parcel for a valuable consideration without actual notice of such lien, unless the municipal authority shall have filed in the office of the collector or other officer of said municipality charged with the duty of enforcing municipal liens on real property a statement showing the amount and due date of such unpaid balance * * *." (Emphasis added)
Under the facts in this case there is no question that the McMenamins were bona fide purchasers for valuable consideration, that they had no actual notice of the lien, and that the authority did not file a statement with respect to the unpaid charges for 1963, 1964 or 1965. For several additional reasons I feel that the authority cannot at this time exercise its statutory right to shut off water service against the McMenamins.
First, a reasonable construction of the Municipal Utilities Authorities Act requires that all provisions of the statute be construed together, and each must be considered in light of and in harmony with all the other provisions. Febbi v. Board of Review, Division of Employment Security, 35 N.J. 601, 606 (1961); Brewer v. Porch, 93 N.J. Super. 66, 72 (Ch. Div. 1966); 82 C.J.S. Statutes § 345, p. 696.
*168 If the authority in this case can utilize the shut-off remedy against a bona fide purchaser, then the effect of the provision of N.J.S.A. 40:14B-42 dealing with the rights of a bona fide purchaser are nugatory. Under this section the bona fide purchaser takes the premises free and clear of an unrecorded municipal lien. Absent such a lien on the premises, the authority has no legal basis, in contract or otherwise, for employing the shut-off remedy against the subsequent bona fide purchaser. In light of this, the statutory construction asked for by the authority would have unconstitutional overtones.
An additional consequence of adopting the interpretation asked for by the authority is that the title company or purchaser of real estate would find it necessary to obtain formal verification from the authority that all water and sewer charges are paid up to date (where the unpaid charges are not recorded as a lien). As a practical matter, the cost of title insurance to the innocent purchaser would probably be increased to cover the verification. The imposition of such a burden is not warranted under the present statute.
Finally, I should point out that in this case the equities weigh heavily in favor of the purchaser inasmuch as the municipal authority failed to enforce payment for three years, failed to file its lien and failed to notify the subsequent purchaser until 1967.
For the foregoing reasons, a summary judgment in favor of the purchasers is granted.